D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FERNAN JARAMILLO, individually and on
behalf of others similarly situated,

          Plaintiff,

    -against-

BANANA KING RESTAURANT CORP.,
BANANA KING, CORP., and ARLES VEGA,

          Defendants.
------------------------------------------------------------X

**ORDER**

**12-CV-5649 (NGG) (RML)**

NICHOLAS G. GARAUFIS, United States District Judge.

On November 16, 2012, Plaintiff Fernan Jaramillo brought this action against Defendants Banana King Restaurant Corp., Banana King Corp., and Arles Vega pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., and several provisions of the New York Labor Law, alleging failure to pay Plaintiff minimum wage, overtime, and spread-of-hours wages, and failure to provide notice of wages and employment terms and conditions. (Compl. (Dkt. 1).) On July 2, 2014, after Defendants failed to answer or appear in this case, the court entered default judgment against Defendants, and awarded Plaintiff a total of $41,832.39, plus interest. (See July 2, 2014, Order (Dkt. 20).)

On October 13, 2014, Defendants filed a fully briefed motion to set aside the default judgment. (Defs.' Mot. to Set Aside Default J. (Dkts. 25-32).) On April 7, 2015, the undersigned referred Defendants' motion to Magistrate Judge Robert M. Levy for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b)(1). (Order Referring Mot. (Dkt. 33).)

On February 26, 2016, Judge Levy issued an R&R recommending that the court deny Defendants' motion. (Feb. 26, 2016, R&R (Dkt. 41).) Specifically, Judge Levy found that

1

Defendants had failed to meet their burden of demonstrating that their default was not willful. (Id. at 9 (citing Adidas Spoerschuhfabriken Adi Dassler Stiftung & Co., K.G. v. Cheung, No. 87-CV-8989 (JFK), 1990 WL 48063, at *2 (S.D.N.Y. Apr. 10, 1990); Bank of Montreal v. Mitsui Mfrs. Bank, No. 85-CV-1519 (JFK), 1989 WL 135265, at *2 (S.D.N.Y. Nov. 2, 1989)).)

On March 14, 2016, the court received a pro se letter objection to the R&R from Defendant Arles Vega. (See Def.'s Obj. to R&R (Dkt. 42).) However, this submission was received after the deadline to object to the R&R. (See Feb. 26, 2016, R&R at 9-10 ("Any objections to this [R&R] must be filed within fourteen (14) days . . . in order to preserve appellate review.").)[1] Nonetheless, since Defendant Vega is proceeding pro se, and considering a reasonable delay due to postal processing, the court will consider his objection. However, for the following reasons, Defendant Vega's objection is OVERRULED and the R&R is ADOPTED IN FULL.

In reviewing the R&R of a dispositive matter from a magistrate judge, the district court "may adopt those portions of the Report to which no objections have been made and which are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000); see also Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010) ("Where no objection to the Report and Recommendation has been filed, the district court need only satisfy itself that there is no clear error on the face of the record." (internal quotation marks and citation omitted)). The district court must review de novo "those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). However, to obtain this de novo review, an objecting party "must point out the specific portions of the report and recommendation to which they object." U.S. Flour Corp.

---

[1] The court has not received objections from the other Defendants in this case.

v. Certified Bakery, Inc., No. 10-CV-2522 (JS) (WDW), 2012 WL 728227, at *2 (E.D.N.Y. Mar. 6, 2012); see also Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [R&R]."). If a party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (citations omitted); see also Mario v. P&C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) (holding that plaintiff's objection to an R&R was "not specific enough" to "constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)"). Furthermore, "[a]n objection to a report and recommendation in its entirety does not constitute a specific written objection within the meaning of Rule 72(b)." Healing Power, Inc. v. Ace Cont'l Exports, Ltd., No. 07-CV-4175 (NGG) (RLM), 2008 WL 4693246, at *1 (E.D.N.Y. Oct. 17, 2008). "A decision is 'clearly erroneous' when the Court is, 'upon review of the entire record, left with the definite and firm conviction that a mistake has been committed.'" DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339-40 (S.D.N.Y. 2009) (quoting United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006)).

Defendant's objections are simply a restatement of the arguments that he presented at the December 9, 2015, hearing before Judge Levy. (See Feb. 16, 2016, R&R at 3-4, 5.) Therefore, these objections are entitled only to clear error review. See Pall Corp., 249 F.R.D. at 51 ("When a party . . . simply reiterates his original arguments, the Court reviews the [R&R] only for clear error."). Finding no clear error, the court OVERRULES Defendant Vega's objections, ADOPTS IN FULL the R&R, and, accordingly, DENIES Defendants' motion to set aside the default judgment.

SO ORDERED.

Dated: Brooklyn, New York
March 16, 2016

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

3